956 F.2d 277
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Joseph Angelo DICESARE, Plaintiff-Appellant,
v.
Doug NICHOLS, Billy McClendon, W.T. Smith, Roger Bommer, and
Darrel Newman, Defendants-Appellees.
 No. 91-5080.
 United States Court of Appeals, Tenth Circuit.
 Feb. 5, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Joseph Angelo Dicesare brought this civil rights action under 42 U.S.C. § 1983 against the sheriff, jailers and county commissioners of Creek County, Oklahoma, for alleged violations of his civil rights while he spent approximately sixteen hours in the county jail there. His complaint alleged that the sheriff and jailers subjected him to cruel and unusual punishment and recklessly disregarded his medical needs; he attempted to hold the county commissioners liable on the basis of their "less than adequate supervision" of the other defendants. After obtaining a Martinez report on the incidents giving rise to the claim, the district court dismissed the action as frivolous under 28 U.S.C. § 1915(d).
 
 
 3
 Taking the view of the facts most favorable to plaintiff, we are satisfied that he has not stated a claim for violation of his constitutional rights. Initially housed in a single cell because he was regarded as a flight risk, plaintiff was placed in the general population of the jail when inmates in another cell set fire to their mattresses with contraband matches. Apparently the prisoners thought to be the culprits were placed in plaintiff's former cell. During his presence in the general population of the jail plaintiff sustained a soft tissue jaw injury, but no broken bones, in a fight with one or more of the inmates. Plaintiff asserts that the jailers did not take him to a hospital until seven or eight hours after the incident; the doctor's notes in the Martinez report indicated that plaintiff represented to the doctor that the altercation occurred approximately an hour before he treated plaintiff at the emergency room of the local hospital, where his head and jaw were also x-rayed. The physician prescribed a pain medication (Tylenol) and an ice pack. Plaintiff asserts that defendants never gave him the ice pack or pain medication. Since plaintiff spent only sixteen hours total in the Creek County jail his transfer from defendants' custody obviously occurred shortly after his emergency room treatment.
 
 
 4
 While plaintiff uses terms such as "reckless disregard" and "callous indifference" in describing defendants' actions or failure to act, his complaint shows no intentional disregard of a serious medical need of the level necessary to state a constitutional violation. See Estelle v. Gamble, 429 U.S. 97 (1976) (in Eighth Amendment claim concerning medical needs, standard is deliberate indifference); cf. Wilson v. Seiter, 111 S.Ct. 2321, 2327 (1991).
 
 
 5
 AFFIRMED.
 
 
 6
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3